UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MARC A MONTGOMERY**,

Debtor.

Case No. **05-60123-7**

*MEMORANDUM of DECISION*

At Butte in said District this 21st day of August, 2008.

In this Chapter 7 bankruptcy, after due notice, a hearing was held August 19, 2008, in Butte on Debtor's Motion for Sanctions for Violation of the Discharge Injunction, Including Punitive Sanctions, which Motion was filed May 15, 2008. Debtor Marc A. Montgomery ("Marc") was represented at the hearing by attorney R. Clifton Caughron ("Caughron") of Helena, Montana and Centron Services, Inc., d/b/a Credit Systems ("Centron Services"), was represented at the hearing by attorney David N. Hull, also of Helena, Montana. Marc and his spouse, Kelly Montgomery ("Kelly"), testified in support of Marc's Motion. Kevin Mosier of Centron Services testified in opposition to Marc's Motion.[1] Marc's Exhibits A, B, C and D were admitted into evidence without objection.

---

[1] Neither Marc nor Kelly were identified by Caughron as witnesses for the August 19, 2008, hearing. Moreover, the only Exhibit listed by Caughron on the Debtor's Exhibit List filed August 18, 2008, was Exhibit D. Nevertheless, counsel for Centron Services did not object to the admission of any of Debtor's exhibits or to the testimony of Marc and Kelly. However, Caughron objected when Centron Services' counsel called Kevin Mosier as a witness arguing that Kevin Mosier was not properly identified as a witness prior to the hearing. The Court allowed Kevin Mosier to testify because Kevin Mosier was called as a witness only after Caughron sought to expand the scope of Marc's Motion as filed.

BACKGROUND

Marc's spouse Kelly was injured sometime prior to 2005 when a ramp collapsed while Kelly was boarding a plane operated by Delta airlines. Kelly required neck surgery as a result of her injuries. Kelly was subsequently in an automobile accident that required Kelly to have additional neck surgery. As a result of her various injuries, Kelly had substantial medial bills prior to and after Marc's January 21, 2005, petition date.

Marc's and Kelly's various medical debts that were incurred prior to January 21, 2005, were assigned to Centron Services. In 2004, Centron Services filed a civil complaint, Cause No. C04-2152 in the Justice Court of Record, City of Helena, Lewis and Clark County, Montana, against Marc and Kelly seeking to collect on the various medical obligations. Before any judgment was entered in Cause No. C04-2152, Marc filed his voluntary Chapter 7 bankruptcy petition on January 21, 2005, and on January 23, 2005, Centron Services and its counsel were mailed a copy of Marc's Notice of Chapter 7 Bankruptcy Case. Centron Services obtained a default judgment against Marc and Kelly in Cause No. C04-2152 on February 8, 2005.

In the Chapter 7 case, Marc was initially represented by Caughron of Caughron Debt Relief Law. Marc received a discharge of his debts on April 19, 2005. On the same date that Marc received his discharge, the Chapter 7 withdrew his No Asset Report. On April 20, 2005, the Clerk of Court entered a Notice directing creditors to file proofs of claim. Centron Services filed a timely Proof of Claim on April 27, 2005, asserting a claim of $12,272.15. In the interim, attorney Stephen R. McCue with Debt Relief Law (the same firm as Caughron Debt Relief Law) filed a motion on April 22, 2005, seeking to withdraw as Marc's counsel of record. The motion to withdraw was granted and Marc later appeared in the case through attorney Gregory Duncan of

Helena, Montana. Marc's bankruptcy was eventually closed on December 22, 2006. On May 12, 2008, Caughron filed a Notice of Entry of Appearance and Motion to Reopen Case seeking to reopen this case for the purpose of filing the pending request for sanctions.

In 2007, Centron Services filed yet another civil complaint, Cause No. CV07-2377 in the Justice Court of Record, City of Helena, Lewis and Clark County, Montana, against both Marc and Kelly seeking to collect on various medical obligations incurred after January of 2005. Centron Services obtained a judgment in the 2007 action on or about January 28, 2008.

Marc filed his Motion for Sanctions for Violation of the Discharge Injunction, Including Punitive Sanctions, on filed May 15, 2008, alleging that his wages were being garnished on behalf of Centron Services as a result of a Writ of Execution issued December 19, 2007, and a Writ of Execution issued April 17, 2008. The Writ of Execution issued on December 19, 2007, in conjunction with Cause No. C04-2152 is accompanied by a Notice of Execution of Levy that is directed to: "Kelly J. Montgomery." Exhibit A. The Writ of Execution issued on January 28, 2008, in conjunction with Cause No. CV07-2377 is accompanied by a Notice of Execution of Levy that is directed to: "Marc A. Montgomery."

In his Schedule I filed with bankruptcy petition on January 21, 2005, Marc disclosed that he was an insurance agent employed by Montgomery Insurance. Marc further provided at the hearing that he is a manager and agent for World Insurance. Kelly also was an agent for World Insurance when Marc filed his bankruptcy petition in 2005. It appears from the testimony that Kelly no longer sells insurance for World Insurance. However, Kelly still receives residual income from policies she sold on behalf of World Insurance some years ago.

In his Motion, Marc asserts that his wages were garnished as a result of the above-

referenced Writs of Execution and as a result of the garnishments, Marc seeks the following damages:

> Debtor respectfully requests that the Court sanction Centron Services, Inc. d/b/a Credit Systems in an amount at least equal to the amount unlawfully seized, which sum is fully appropriate under these circumstances to compensate the Debtor for his emotional distress caused by the creditor's actions and repeated injury from the problem being repeatedly visited upon Debtor, plus additional punitive sanctions in an amount sufficient to punish the creditor for its repeated wrongdoing and to discourage further disregard for the bankruptcy code and rules. Debtor respectfully suggests that punitive sanctions of no less than $10,000.00 will be sufficient to insure the future compliance of this creditor. Debtor further requests that the Court order the creditor to pay Debtor's attorney fees and costs for repeated contacts with the creditor, drafting this motion for sanctions, and any hearings that may hereafter be scheduled in this matter. In addition, the Creditor must be ordered to immediately reimburse Debtor for the amount that Creditor has garnished from Mr. Montgomery's pay, and further order it to immediately take all steps necessary to ensure that no further sums are withdrawn from the Debtor's earnings.

Marc never once, either in his pleadings or his testimony, disclosed the dates or amounts of the alleged wrongful garnishments, but counsel for Centron Services maintains in his response to Marc's motion:

> The fact of the matter is that there were two separate law suits filed by the Creditor. There was one filed in the Lewis & Clark County Justice Court against the Defendants, debtor Marc A. Montgomery and his wife Kelly J. Montgomery, Cause No. CV07-2377, which was filed approximately December 19, 2007, arising out of a debt for a hospital services incurred by Kelly J. Montgomery on May 4, 2005, which was after the bankruptcy discharge. Judgment was granted January 28, 2008, against both Defendants. The Plaintiff, Centron Services, Inc. dba: Credit Systems, executed in that case as follows:
>
>> An execution was issued on January 28, 2008, to levy against the wages and all monies due and owing the Defendant Marc A. Montgomery as an Insurance Agent and was served by Clifford & Associates Process Service to World Insurance. A total of $434.27 was received from that garnishment in March of 2008, and that writ of execution has now been returned as expired.

4

The first law suit was filed by the Creditor, Centron Services, Inc. dba: Credit Systems, in the Lewis & Clark County Justice Court against the Defendants, debtor Marc Montgomery and his wife Kelly J. Montgomery, Cause No. C04-2152, and was filed approximately November 23, 2004. Judgement was granted in that case against both the Defendants on February 8, 2005. As to the debtor in this bankruptcy, Marc A. Montgomery, that Judgment is void under the bankruptcy rules. No action has been taken against Marc Montgomery regarding that Judgment. The following executions have occurred on that Judgment against Kelly J. Montgomery only:

> A writ of execution was issued in August of 2006 to levy on all monies due and owing Kelly J. Montgomery as a licensed insurance agent and was served by Clifford & Associates Process on the Montana State Insurance Commissioner. A total of $199.22 was received from that garnishment. A new writ of execution was issued in May of 2007 to again levy on all monies due and owing Kelly J. Montgomery as a licensed insurance agent and was served on the Montana State Insurance Commissioner. A total of $260.13 was received from that garnishment. A new writ of execution was issued in September of 2007 to again levy on all monies due and owing Kelly J. Montgomery as a licensed insurance agent and was served on the Montana State Insurance Commissioner. There were no funds received from that garnishment as there was another prior served writ from another party. A new writ of execution was issued in December of 2007 to again levy on all monies due and owing Kelly J. Montgomery as a licensed insurance agent and to be served on the Montana State Insurance Commissioner. A total of $71.88 was received from that garnishment. A new writ of execution was issued in April of 2008 to again levy on all monies due and owing Kelly J. Montgomery as a licensed insurance agent and to be served on the Montana State Insurance Commissioner. A total of $260.13 was received from that garnishment. As of this date, no funds have been received on that writ of execution.

The only wrongful conduct referenced in Marc's Motion filed May 15, 2008, is the alleged garnishments that occurred after Centron Services obtained the Writs of Execution on December 19, 2007, and January 28, 2008. However, on August 14, 2008, the Justice of the Peace for the City of Helena, Lewis and Clark County, entered in Cause no. C04-2152 an Order Setting Aside and Vacating the Default Judgment Entered Against the Defendant Marc Montgomery. Exhibit D. It appears from Exhibit D that Caughron received the August 14,

2008, Order from Centron Services' counsel on August 18, 2008, and immediately filed the Order as Marc's only proposed exhibit on that same date.

The Court is under the impression that neither Marc nor his counsel were concerned that the default judgment entered in Cause No. C04-2152 was entered after Marc's January 21, 2005, petition date.  It was not until Centron Services obtained the Order Setting Aside and Vacating the Default Judgment Entered Against the Defendant Marc Montgomery that Marc raised for the first time at the hearing, the argument that the entry of the default judgment was a sanctionable violation of the automatic stay.  Centron Services' counsel objected to Marc's new argument, claiming surprise, but the Court allowed Caughron to explore this new theory for damages.  In particular, Marc testified that he was denied a credit card because of his credit rating.  Marc also testified that he and Kelly took a second mortgage on their home at a rate of 9 percent.  Marc claims that the higher interest rate on the second mortgage is due to Marc's credit rating.  Marc maintains that his credit rating was adversely affected by "the judgments."

In response to Marc's new claim, Kevin Mosier, the marketing director for Centron Services, testified that if Centron Services is notified of a bankruptcy and both spouses are listed as debtors, Centron Services simply dismisses its entire case against the debtors.  When Centron Services receives notice of a bankruptcy filing that relates to only one spouse, Centron Services dismisses its complaint as to the filing spouse.  Centron Services had no notice of Marc's bankruptcy filing when it sought entry of default judgment against Marc and Kelly.  It appears that Centron Services sought the entry of default judgment against Marc prior to its receipt of the Notice of Marc's bankruptcy.

DISCUSSION

This Court has jurisdiction of this Chapter 7 case under 28 U.S.C. § 1334(a). Marc's Motion for Sanctions for violation of the discharge injunction of 11 U.S.C. § 524(b) is a core proceeding under 28 U.S.C. § 157(b)(2), because it "depends on the bankruptcy court's authority to enforce its own orders under the Bankruptcy Code." *Dunmore v. United States*, 358 F.3d 1107, 1114, 1115 (9th Cir. 2004); 11 U.S.C. § 105(a). This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

Caughron requested at the latter part of the hearing that he be allowed to elicit testimony from Marc regarding the February 2005 default judgment. The Court deems such request as an informal request to amend the pleadings to conform to the evidence. Amendment of pleadings to conform to the evidence is provided for at Fed. R. Civ. P. Rule 15(b), which provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's objection or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

A leading commentator explains that Rule 15(b) actually describes two procedures for amendments to conform to the evidence: (1) where an issue not embraced by the pleadings is tried with the express or implied consent of the parties it is to be treated in all respects as if it had been raised by the pleadings; and (2) when evidence is objected to at trial as not being within the

framework of the pleadings. 6A Wright, Kane & Miller, *Federal Practice and Procedure*: Civil 2d § 1491 (1990).

Counsel for Centron Services strenuously objected to any testimony that went beyond the allegations contained in Marc's Motion. Thus, Marc cannot argue that Centron Services expressly or impliedly consented to amendment of Marc's Motion to include a request for sanctions based upon Centron Services' violation of the automatic stay. However, the Court concluded at the hearing that Marc should be allowed to expand the scope of his Motion because presentation of the merits of the action would be subserved thereby and Centron Services failed to show that admission of such evidence would prejudice Centron Services, particularly in light of the fact that Marc had, to that point in the hearing, failed to produce one single piece of evidence to prove that Centron Services had attempted to collect a discharged debt or to show that Marc was in any way harmed by the entry of the default judgment in February of 2005. Centron Services requested a continuance of the hearing in order to better prepare for Marc's new claim, but a continuance simply was not necessary.

A discharge under 11 U.S.C. § 524(a)(2) "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." *In re Ellett*, 254 F.3d 1135, 1148 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002). Section 524 implements the concept of discharge by enjoining a party seeking to collect a debt as a personal liability of the debtor. *Lone Star Security & Video, Inc. v. Gurrola*, 328 B.R. 158 (9th Cir. BAP 2005).

The United States Supreme Court has written that a bankruptcy discharge "extinguishes"

an action against the debtor *in personam* as a means of enforcing a claim. *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66, 84 (1991); *In re Crocker*, 20 Mont. B.R. 371, 390 (Bankr. D. Mont. 2003). The skeletal evidence presented by Marc shows that the Writ of Execution issued December 19, 2007, was related to Cause No. C04-2152 and pertained solely to Kelly's wages. The Writ of Execution issued January 28, 2008, was related to Cause No. CV07-2377 and pertained solely to Marc's wages. Such evidence does not establish that Centron Services violated the discharge injunction because nothing in the evidence shows that Centron Services was collecting, or attempting to collect, a discharged debt. Rather, the record shows that Centron Services was collecting monies from Kelly for the 2005 default judgment and was collecting monies from Marc for the 2008 judgment stemming from debts that were incurred after January of 2005.

With respect to sanctionable post-petition action as it relates to the automatic stay, a creditor who attempts collection of prepetition debt after it knows of the debtor's bankruptcy is subject to sanctions for willful violation of the automatic stay. *In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir.1996); *see In re Goodman*, 991 F.2d 613 (9th Cir.1993). This Court construed 11 U.S.C. § 362(a) & (k)[2] in *In re Reece*, 15 Mont. B.R. 474, 477-78 (Bankr. D. Mont. 1996):

> As to the relevant Bankruptcy Code provisions, when a debtor files a bankruptcy petition, a stay is automatically imposed applicable against all creditor collection activity. 11 U.S.C. § 362(a). The stay is effective upon the date of the filing of the petition; and does not depend on formal service of process. *In re Smith*, 876 F.2d 524, 526 (6th Cir.1989). Furthermore, the Code requires the

---

[2]Section 362(h) was renumbered § 362(k) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") (Pub. L. 109-8), effective October 17, 2005. References in earlier cases to § 362(h) have been changed.

creditor, pursuant to § 362(d), to take affirmative action to obtain relief from stay from a bankruptcy court. In the absence of affirmative action on the part of the creditor to obtain relief from stay, § 362(a) prevents the creditor from attempting to enforce its rights against a debtor. See *In re Sharon*, 200 B.R. 181, 187 (Bankr. S.D.Oh. 1996).

Turning to the law governing violation of the automatic stay, 11 U.S.C. § 362[k], this Court has held:

> To be actionable, a violation of the automatic stay must be "willful." In *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989), the term "willful", as used in § 362[k] was addressed and defined: "This circuit has not defined 'willful' as it is used in subsection [k]. A useful definition, which we now adopt, was provided by the bankruptcy court for the district of the District of Columbia: A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. *Inslaw, Inc. v. United States* (*In re Inslaw, Inc.*,), 83 B.R. 89, 165 (Bankr.D.D.C.1988)."

*In re Christopherson,* 8 Mont. B.R. 213, 111 B.R. 920, 922 (Bankr. Mont. 1990).

The Court further explained:

> "[T]he relief provided for willful violation of the stay under 11 U.S.C. § 362[k] is mandatory" since § 362[k] supplements but does not replace the pre-existing remedy of civil contempt. *In re Lile*, 103 B.R. 830, 836 (Bankr.S.D.Tex.1989). Thus, when a party acts with knowledge of a pending bankruptcy, a violation of the stay is considered willful and damages must be assessed, *Id*. at 836, for "[T]he creditor takes the risk of being assessed for damages if he fails to obtain clarification from the bankruptcy court." *Id*. at 837, citing *In re Clark*, 49 B.R. 704, 707 (Bankr.D.Guam 1985); and *In re Pody*, 42 B.R. 570, 573-574 (Bankr.N.D.Ala.1984). *Lile*, supra, at 841 further states that where a Debtor is forced to resort to the courts to enforce his right, attorney's fees should be awarded to the Debtor under § 362[k]. See also, *In re Price*, 103 B.R. 989 (Bankr.N.D.Ill.1989).

*Id*. at 923.

10

The above test for willful violation under § 362(k), (1) that the creditor knew of the stay, and (2) the creditor's actions which violated the stay were intentional, was repeated in *Eskanos & Adler v. Roman (In re Roman)*, 283 B.R. 1, 8 (9th Cir. BAP 2002), which also noted the above standard that lack of specific intent to violate the stay is not a required element to find a willful violation, and that "it is clear that once a creditor or actor learns or is put on notice of a bankruptcy filing, any actions intentionally taken thereafter are 'willful' within the contemplation of § 362[k]." *Risner*, 317 B.R. at 835; *Eskanos & Adler*, 309 F.3d at 1214-15. In *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003), the Ninth Circuit noted that § 362(k) provides for damages for willful violation of the stay upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were willful. *See Havelock v. Taxel*, 67 F.3d 187, 191 (9th Cir. 1995) (cited in *Roman*, 283 B.R. at 12-13).

In this case, Marc made no showing that Centron Services knew of his bankruptcy case at the time it sought entry of a default judgment in Cause No. C04-2152. Moreover, it does not appear that Centron Services made any effort to collect any money from Marc on debts that were incurred prior to January 21, 2005. At most, Marc has shown that a technical stay violation occurred, but the violation was an innocent act without knowledge of the automatic stay or the filing of the bankruptcy case. Centron Services' technical but innocent stay violation simply cannot be construed as the type of intentional act that would give rise to sanctions under § 362(k). Marc has simply failed to produce any evidence showing that Centron Services engaged in any type of conduct that is sanctionable under the Bankruptcy Code.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334

and 157.

    2.  Marc' pending Motion for Sanctions for Violation of the Discharge Injunction, Including Punitive Sanctions, is a core proceeding under 28 U.S.C. § 157(b).

    3.  Marc failed to satisfy his burden of proof by a preponderance of the evidence to show that Centron Services' request for entry of default judgment against Marc was a willful act that justifies an award of actual damages, attorney's fees and costs under 11 U.S.C. § 362(k).

    4.  Marc failed to satisfy his burden of proof by a preponderance of the evidence to show that Centron Services made any attempt to collect a prepetition debt following entry of Marc's discharge.  The Court will therefore enter a separate order providing s follows:

    IT IS ORDERED that Marc's Motion for Sanctions for Violation of the Discharge Injunction, Including Punitive Sanctions, filed May 15, 2008, is DENIED.

                          BY THE COURT

                          HON. RALPH B. KIRSCHER
                          U.S. Bankruptcy Judge
                          United States Bankruptcy Court
                          District of Montana